IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
DIANE J. HARRISON, BAR NO. 8813.

No. 85252

FILED

NOV 10 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT

BY
CHIEF DEPUTY CLERK

*ORDER DENYING PETITION FOR RECIPROCAL DISCIPLINE*

This is a petition under SCR 114 to reciprocally discipline attorney Diane J. Harrison based on her disciplinary revocation in Florida for allegations regarding violations of SEC rules regarding antifraud, registration, and reporting. Without admitting fault, Harrison petitioned in Florida for and was granted disciplinary revocation with leave to seek readmission after five years. *See* Florida R. of Discipline 3-7.12 (allowing an attorney to petition for a disciplinary revocation, which bars an attorney from practicing law in Florida with or without leave to seek readmission, when a disciplinary agency is investigating the attorney). She is therefore barred from practicing law in Florida for five years, after which she may seek readmittance by fully complying "with the rules and regulations governing admission to the bar." Florida R. of Discipline 3-7.10(n)(2). Harrison opposes the reciprocal discipline petition, arguing that the State Bar of Nevada has not proven by clear and convincing evidence that she committed the violations charged given that she did not admit, and the Florida Bar did prove, any violations.

Under SCR 114(4), this court must impose identical reciprocal discipline unless the attorney demonstrates or this court determines that (1) the other jurisdiction failed to provide adequate notice, (2) the other jurisdiction imposed discipline despite a lack of proof of misconduct, (3) the

SUPREME COURT
OF
NEVADA

(O) 1947A

22-35534

established misconduct warrants substantially different discipline in this jurisdiction, or (4) the established misconduct does not constitute misconduct under Nevada's professional conduct rules.

We conclude that all but the first exception weigh against the imposition of the discipline that the Bar posits is reciprocal—a five-year-and-one-day suspension. Indeed, there is no evidence in the record attached to the petition that Harrison admitted to or committed any misconduct, and the Supreme Court of Florida found no misconduct in granting Harrison's disciplinary revocation petition. Without proof of actual misconduct, we cannot determine whether the actions constitute misconduct in Nevada and/or if substantially different discipline would be warranted.[1] Accordingly, we deny the petition.

It is so ORDERED.[2]

_____ C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:     Bar Counsel, State Bar of Nevada
        Diane Joy Harrison

---

[1]This order in no way precludes the State Bar from investigating any possible attorney misconduct by Harrison if such an investigation is appropriate pursuant to the Supreme Court Rules.

[2]The Honorable Abbi Silver having retired, this matter was decided by a six-justice court.